IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MOONGATE WATER CO., INC.,
A New Mexico Public Utility,

      Plaintiff,

vs.   No. CIV 03-0771 RB/LCS

DOÑA ANA MUTUAL DOMESTIC
WATER CONSUMERS ASSOCIATION,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's (Moongate's) Motion to Remand and Request for Attorney Fees and Costs (Doc. 6), filed July 23, 2003. Having reviewed the submissions of the parties and the relevant law, the Court finds that Moongate's Motion to Remand should be granted, but its Request for Attorney Fees and Costs should be denied.

**I.**      **Background.**

Moongate is a public utility incorporated under the New Mexico Public Utility Act, NMSA 1978 §§ 62-1-1 to 62-1-7. (Compl. ¶ 1.) Defendant (Doña Ana) is a non-profit association formed in accordance with New Mexico law for the purpose of providing water service within its service area. (*Id.* ¶ 2.) Moongate filed a Complaint with the New Mexico Public Regulation Commission (NMPRC), requesting an order (1) declaring Moongate's service area; (2) finding extension of Doña Ana's water lines into Moongate's service area to be unnecessarily duplicative; and (3) preventing Doña Ana from extending its facilities into Moongate's service area. In four paragraphs of the Complaint, Moongate refers to 7 U.S.C. §1926(b). (Compl. ¶¶ 21-24.) Based on Moongate's reference to this federal statute, Doña Ana removed this case under 28 U.S.C. §1441(b) (federal

question jurisdiction).

**II.     Standard.**

Federal removal jurisdiction is statutory in nature and must be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U. S. 100, 108 (1941). Doubts must be resolved in favor of remand. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). A removing party has the burden of demonstrating the existence of federal jurisdiction by a preponderance of the evidence. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1195 (10th Cir. 2003).

**III.    Analysis.**

**A.     Whether removal of this action from the NMPRC was authorized by 28 U.S.C. §1441.**

The removal statute provides in pertinent part: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a *State court* of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. §1441(a) (emphasis added). The plain language of the statute limits removal to cases pending before a "State court." NMPRC is not a state court, but an administrative agency charged with "the responsibility for regulating public utilities, including electric, natural gas and water companies; transportation companies, including common and contract carriers; transmission and pipeline companies, including telephone, telegraph and information transmission companies; insurance companies and others engaged in risk assumption; and other public service companies in such manner as the legislature shall provide." N.M. Const. Art. XI, § 2.

Despite the plain language of §1441(a) and the New Mexico Constitution, Doña Ana argues that the NMPRC is a "state court" within the meaning of the removal statute because it functions as a state court, relying on *Floeter v. C.W. Transport, Inc.*, 597 F.2d 1100 (7th Cir. 1979); *Volkswagen*

*de Puerto Rico, Inc. v. Puerto Rico Labor Relations Bd.*, 454 F.2d 38 (1st Cir.1972). This approach has been criticized because it conflicts with the plain meaning of the statute and interferes with state regulatory actions. *Oregon Bureau of Labor and Indus. ex rel. Richardson v. U.S. West Communications, Inc.*, 288 F.3d 414, 418 (9th Cir. 2002); *Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1262 (3d Cir. 1994); *Bellsouth Telecommunications, Inc. v. Vartec Telecom, Inc.*, 185 F.Supp.2d 1280, (N.D. Fla. 2002). Even the Seventh Circuit has distinguished *Floeter* virtually to its facts. *Wirtz Corp. v. United Distillers & Vintners North America, Inc.*, 224 F.3d 708, 713 (7th Cir. 2000). For the reasons discussed in the following decisions, the so-called "functional test" should not be applied.

In *Sun Buick*, the Third Circuit traced the history of the functional test and concluded that it arose from a faulty reading of *Upshur County v. Rich*, 135 U.S. 467 (1890). In *Upshur County*, the Court held that an action was not removable from a county court based on the actual powers, composition, and procedures of the county court. *Sun Buick,* 26 F.3d at 1262. The Third Circuit reasoned that *Upshur County* did not support the view that an administrative action is a state court proceeding within the meaning of §1441(a). *Id*.

In *Oregon Bureau*, the Ninth Circuit rejected the functional test outright as unsupported by the clear and consistent language of the removal statutes. *Oregon Bureau*, 288 F.3d at 418. The Ninth Circuit further reasoned that the functional test changed the meaning and reach of §1441(a) and conflicted with the principle that the removal statutes should be strictly construed so as to limit, not expand, federal jurisdiction. *Oregon Bureau*, 288 F.3d at 418. Finally, the Ninth Circuit agreed with the Third Circuit's conclusion that the functional test read too much into *Upshur County. Id.*

In *Bellsouth*, the district court cogently observed that, as a practical matter, "[a]n approach

that made removability turn on a federal court's after-the-fact, case-by-case analysis of whether an administrative agency would be acting in the same manner as a court in resolving a particular dispute would have the capacity to create substantial mischief in the administrative arena, by encouraging parties to take a shot at removal, with inevitable delays and disruptions." *Bellsouth,* 185 F.Supp.2d at 1283.  Although the Tenth Circuit has yet to address the applicability of the functional test,  I find the reasoning of *Bellsouth*, *Oregon Bureau* and *Sun Buick* to be persuasive and hold that the functional test should be rejected.

In any event, even if the functional test were applied, the NMPRC functions as an administrative body, not as a state court. *See generally* NMSA 1978, 8-8-1 to 8-8-10.  The NMPRC was created to regulate "public utilities, including electric, natural gas and water companies; transportation companies, including common and contract carriers; transmission and pipeline companies, including telephone, telegraph and information transmission companies; insurance companies and others engaged in risk assumption; and other public service companies in such manner as the legislature shall provide."   N.M. Const. Art. XI, § 2.

Within its specialized area of expertise, the NMPRC functions in a adjudicative manner and resolves disputes between service providers. *See Tri-State Generation and Transmission Ass'n, Inc. v. King*,134 N.M. 467, 469-407, 78 P.3d 1226, 1228-1229 (2003).  The fact that an agency acts in an adjudicative manner does not convert its status to a state court.  *See Bellsouth*, 185 F.Supp.2d at 1283.  The authority and functions of the NMPRC are clearly administrative and not judicial.  Because NMPRC is not a "state court" within the meaning of §1441(a), removal of this matter was improper.

**B. Whether the Complaint is subject to removal.**

Where the parties are not diverse in their citizenship, a federal court has original jurisdiction only if the suit raises a federal question. 28 U.S.C. §§ 1331 and 1441(b). A suit raises a federal question only when the plaintiff's statement of his own cause of action shows that it is based on federal law. *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996). Except in cases of complete preemption, the plaintiff is the "master of the claim" and may prevent removal by choosing not to plead a federal claim even if one is available. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Anticipation of a defense based on federal law is not enough to make the case "arise under" federal law. *Schmeling*, 97 F.3d at 1339. Defendant's assertion of a defense based on federal law, such as federal preemption, is not a proper basis for removal. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). However, a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim. *Schmeling*, 97 F.3d at 1339. Similarly, removal is permitted when the plaintiff's right to relief requires resolution of a substantial question of federal law. *Id.*

Moongate alleges that extension of water service into the area already served by Moongate will cause unnecessary duplication and economic waste within the meaning of NMSA 1978, § 62-9-1. This question is distinct from the federal law issue of whether Doña Ana is entitled to § 1926(b) protection. The matter was not subject to removal because the claims set out in the Complaint are based entirely on New Mexico law.

There is no express or implied preemption of state law concerning the legal right to provide water. *See Pittsburg County Rural Water Dist. No. 7. v. City of McAlester*, 346 F.3d 1260, 1281

(10th Cir. 2003) (§ 1926(b) preempts state law only where federal protections have attached). The *Payne* case is not on point because that case involved deannexation of an area from a water system that was already entitled to § 1926(b) protection. Here, the question of whether Doña Ana is entitled to § 1926(b) is properly pending in the case styled *Moongate Water Co. v. Doña Ana Domestic Water Consumers Ass'n*, and numbered CIV 02-1615 RB/LCS, United States District Court for the District of New Mexico.

By contrast, in the Complaint filed in the NMPRC, Moongate seeks a delineation of its legal duty to provide water under state law. No federal question is essential to Moongate's state law claim. *See Sequoyah County Rural Water Dist. No. 7 v. Town of Muldrow*, 191 F.3d 1192, 1202 (10th Cir. 1999) (recognizing that duty to provide water is a question of state law). Because there is no indication that §1926(b) preempted the field of local water service, complete preemption is inapplicable. *See Metropolitan Life*, 481 U.S. at 67-68 (Brennan, J., concurring). Other than the reference to the federal statute, which is not a basis for Moongate's claim, only state law issues arise in this case.

Doña Ana has failed to meet its burden to establish the court's jurisdiction by a preponderance of the evidence. Because no federal claim is raised by the Complaint, and no federal question is implicated by the state law claim raised, remand is appropriate pursuant to 28 U.S.C. § 1447(c).

**C.  Whether Moongate is entitled to recover attorney fees and costs.**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The court has discretion to award attorney fees and costs under § 1447(c). *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). Bad faith on the part of the removing party is not a prerequisite to an

6

award. *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997). The inquiry is whether the removal was proper "ab initio." *Suder*, 116 F.3d at 1352.

Doña Ana had an arguable basis for removal, given the absence of Tenth Circuit authority. In any event, I find in my discretion that an award of attorney fees and costs would be inappropriate.

**V.    Conclusion**

Moongate's Motion to Remand should be granted, but its request for an award of attorney fees and costs should be denied. This matter should be remanded to the NMPRC.

**WHEREFORE,**

**IT IS ORDERED** that Moongate's Motion to Remand (Doc. 6), filed July 23, 2003, is **GRANTED.**

**IT IS FURTHER ORDERED** that Moongate's Request for Attorney Fees and Costs is **DENIED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED TO THE NEW MEXICO PUBLIC REGULATION COMMISSION.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**